UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRENDAN KRETSCHMER,<br><br>Plaintiff,<br><br>v.<br><br>CURB MOBILITY LLC, et al.,<br><br>Defendants. | Case No.  26-cv-01347-VKD<br><br>**ORDER PROVISIONALLY GRANTING DEFENDANTS' MOTION TO STAY DEADLINE TO RESPOND TO COMPLAINT**<br><br>Re: Dkt. No. 26 |

On February 13, 2026, plaintiff Brendan Kretschmer filed this action against defendants Curb Mobility LLC, Creative Mobile Technology, LLC, ARRO, Inc., and Flywheel Technologies, Inc., asserting one claim for violation of Section 1 of the Sherman Act.  Dkt. No. 1.  Mr. Kretschmer alleges that defendants entered into horizontal agreements to fix prices and eliminate competition in the market for on-demand transportation services facilitated through mobile applications or online platforms.  *Id.* ¶ 1.  All defendants have waived service of process.  *See* Dkt. Nos. 10, 11, 12, 13.

On April 30, 2026, the parties filed a stipulation pursuant to Civil Local Rule 6-2 jointly requesting that the Court adopt the parties' proposed briefing schedule for motions to transfer venue and to compel arbitration that defendants indicated they intend to file, and further requesting that the Court stay all deadlines in its February 13, 2026 case management order[1] until both motions are resolved.  Dkt. No. 22 ¶¶ 3-6, 9.  In addition, the parties jointly requested that the Court extend defendants' deadline to respond to the complaint to May 18, 2026, pending the

---

[1] The parties asked the Court to except from the stay the parties' deadline to file the disclosures and certifications required by Civil Local Rule 3-15.  *See* Dkt. No. 22 ¶ 6.

Court's consideration of defendants' forthcoming motion for a further extension of time to respond to the complaint. *Id.* ¶¶ 7-8. On May 1, 2026, the Court issued an order granting the parties' stipulated requests. *See* Dkt. No. 24.

Defendants now move pursuant to Civil Local Rule 6-3 for an order staying their deadline to respond to the complaint until after the Court decides their anticipated motions to transfer venue and to compel arbitration. Dkt. No. 26. Defendants contend that "[c]ommon sense, judicial economy, and conservation of party resources" support their request because the Court's rulings on their motions to transfer venue and to compel arbitration will determine whether this Court will reach the merits of the case. *Id.* at 2-3. Arguing that courts "routinely" stay responsive pleading deadlines in these circumstances, defendants claim they will suffer prejudice if required to prepare Rule 12 motions that "may never be necessary," that "may become outdated," or that "may need to be based on different controlling law." *Id.* at 5.

Mr. Kretschmer opposes the motion to stay in part. Dkt. No. 30. He indicates that he does not object to a stay of defendants' deadline to file an answer until after the Court decides the motions to transfer venue and to compel arbitration. *Id.* at 2. He objects only to extending their deadline to file pre-answer motions under Rule 12(b) beyond May 18, 2026. *Id.* Mr. Kretschmer argues that "[e]ach month of delay extends the period of alleged supracompetitive pricing borne by the putative class" and the "public interest in prompt antitrust adjudication weighs against the open-ended delay [d]efendants propose." *Id.* at 4.

Rule 12 of the Federal Rules of Civil Procedure provides that defendants must respond to a complaint by filing a "responsive pleading" (i.e., "an answer") asserting "[e]very defense to a claim for relief." Fed. R. Civ. P. 12(a), (b). Alternatively, defendants may file a motion asserting one or more of the defenses enumerated in Rule 12(b) *before* filing an answer. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses [in Rule 12(b)(1)-(7)] must be made before pleading if a responsive pleading is allowed."). In other words, defendants may elect to file a motion asserting specific defenses, or they may assert those same defenses in their answer, together with any other defenses they are required to plead.

The Court is generally disinclined to modify the deadlines set by the Federal Rules of Civil

United States District Court
Northern District of California

United States District Court
Northern District of California

Procedure, absent agreement of the parties or a showing of "particularly good cause." *See Hunt v. Meta Platforms, Inc.,* No. 23-cv-04953-PCP, 2024 WL 20825, at *1 (N.D. Cal. Jan. 2, 2024) (denying defendants' request to delay filing an answer or Rule 12 motion until after resolution of anticipated motion to compel arbitration). In this case, Mr. Kretschmer *agrees* that defendants should be permitted to delay filing an answer to the complaint until after resolution of defendants' anticipated motions to transfer venue and to compel arbitration. Dkt. No. 30 at 2; Dkt. No. 22 ¶ 7 ("Plaintiff believes that an answer to the Complaint should be stayed[.]"). He objects only to any further delay in the filing of pre-answer Rule 12 motions. This is puzzling. Mr. Kretschmer does not explain why he agrees defendants may delay asserting *all* of their defenses until after the Court decides defendants' motions to transfer venue and to compel arbitration, so long as those defenses are asserted in *an answer*, but does not agree that defendants may delay asserting a subset of those defenses—i.e., their Rule 12(b) defenses—if those defenses are asserted in *a motion*. In any event, the Court is not persuaded that requiring defendants to file their Rule 12(b) motions by May 18, 2026 will avoid delays in reaching the merits of the dispute, as Mr. Kretschmer argues. The parties have already agreed to a very extended schedule for briefing and hearing on the motions to transfer venue and to compel arbitration. The Court likely will need to resolve one or both of these motions before addressing other challenges to the pleadings. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007) (holding that a district court has discretion to resolve forum issues without first resolving "any other threshold objection"). Thus, it is not clear that requiring the parties to complete briefing on Rule 12 motions in parallel with their briefing on the motions to transfer venue and to compel arbitration will promote the "just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1.

Accordingly, the Court provisionally grants defendants' motion to stay their deadline to file an answer and any pre-answer motions under Rule 12(b). However, if defendants intend to file any Rule 12 motions challenging the Court's ability to exercise subject matter jurisdiction or personal jurisdiction in this action, the Court may require defendants to make such motions promptly. For this reason, the Court orders defendants to advise the Court by **May 28, 2026** whether they intend to file any motions under Rule 12(b)(1) or 12(b)(2).

**IT IS SO ORDERED.**

Dated: May 14, 2026

Virginia K. DeMarchi
United States Magistrate Judge